In the Matter of MORRIS DURST, an Attorney, Respondent.

First Department, March 10, 1933.

*Samuel Plumer* of counsel, for the petitioner, for the motion.

*John M. Harlan* of counsel, for the Association of the Bar of the City of New York and the New York County Lawyers Association; and *J. Philip Van Kirk* and *Joseph F. Condon* of counsel, for the Bronx County Bar Association, opposed.

FINCH, P. J. The petitioner was disbarred February 14, 1930, for permitting an insurance adjuster to use his name as attorney for plaintiffs in fictitious cases brought against an insurance company, as part of a plan to procure money from said company by false and fraudulent representations to the effect that the persons whose claims were settled had been injured and that the petitioner had been retained by them to act as their attorney and to collect the damages claimed in their behalf. The decision of this court is reported in 228 Appellate Division, 256.

The petitioner now urges, as extenuating circumstances, personal illness, the illnesses of members of his family and straitened financial circumstances incidental to such illnesses.

This is but an amplification of a plea for sympathy on account of personal illness, heretofore made and considered. It was then expressly found that the illness of the petitioner (which affected one of his legs) did not interfere with his mental processes, and that the record established his mental alertness. The same reasons apply as well to the additional facts now submitted.

This is not a case where the appropriateness of the penalty imposed upon the petitioner is in doubt. The unfitness of the petitioner to continue a member of his profession having been demonstrated so clearly, sound policy does not permit of the substitution of a milder form of punishment in place of the order of disbarment. The extreme penalty of disbarment obviously would lose its efficacy as a deterrent if readmission to practice might be obtained by a period of good behavior and a plea for sympathy.

The application should be denied.

MERRELL, MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Application denied.